**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **ROBIN N. BRANSFORD and** | : | |
| **PHILIP BRANSFORD,** | : | |
| **Plaintiffs,** | : | **CIVIL ACTION** |
| | : | |
| **v.** | : | |
| | : | |
| **COUNTY OF CHESTER, et al.,** | : | **No. 12-4184** |
| **Defendants.** | : | |

**<u>MEMORANDUM</u>**

Schiller, J.                                                                                    July 27, 2016

      Robin and Philip Bransford sued the County of Chester, the Chester County Domestic Relations Office, and Domestic Relations Office Employees Chris Morris and Frank Haas. Plaintiffs alleged that their civil rights were violated during an altercation in which Morris and Haas served an arrest warrant on Philip Bransford. The case was placed in civil suspense for an extended period of time. Eventually, Defendants filed a motion to dismiss for failure to prosecute. The Court held a rule to show cause hearing on July 19, 2016, to address the motion. Plaintiffs failed to appear for the hearing, and the Court granted Defendants' motion. This Memorandum explains the Court's reasoning.

## I.    BACKGROUND

      On August 4, 2010, Morris and Haas entered the Bransford residence to serve an arrest warrant upon Philip Bransford for failure to appear at a domestic relations hearing. According to Plaintiffs, Morris and Haas used excessive force when serving the warrant. Plaintiffs claim to have suffered physical injuries, serious mental anguish, and psychological and emotional stress.

      Plaintiffs filed this litigation on July 23, 2012, and filed an Amended Complaint on October

25, 2012. An arbitration was scheduled for October 10, 2013. The arbitration was rescheduled for January 9, 2014, and finally postponed until further notice due to the health of Plaintiffs' counsel. The matter was subsequently placed into civil suspense on March 24, 2015. After Defendants unsuccessfully attempted to contact Plaintiffs' counsel in early 2016, Plaintiffs' counsel informed the Court that, due to a permanent disability, he could not continue to represent Plaintiffs and therefore they were seeking a new lawyer. On March 17, 2016, the Court ordered Plaintiffs to find new counsel by May 6, 2016, or proceed without a lawyer. Since March 17, 2016, Plaintiffs have failed to communicate with the Court or opposing counsel and have failed to secure new counsel as ordered by the Court. On June 1, 2016, Defendants moved to dismiss the Amended Complaint under Federal Rule of Civil Procedure 41(b) for failure to prosecute this litigation. On June 30, 2016, the Court issued a Rule to Show Cause Order that ordered: (1) Plaintiffs to proceed with the litigation representing themselves; (2) both parties to appear for a hearing on July 19, 2016; and (3) Plaintiffs to explain to the Court why Defendants' motion should not be granted. Plaintiffs failed to appear at the hearing or communicate with the Court.

## II.     DISCUSSION

### A.      Federal Rule of Civil Procedure 41(b)

Defendants seek to dismiss Plaintiffs' Amended Complaint under Federal Rule of Civil Procedure 41(b), which provides that a defendant may move for dismissal "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order." Any dismissal under this section " operates as an adjudication on the merits," unless the Court directs otherwise or an exception applies. Fed. R. Civ. P. 41(b).

2

In determining whether to dismiss a case pursuant to Rule 41(b), courts consider the six

factors set forth in *Poulis v. State Farm Fire & Casualty Co.*:

> (1) the extent of the party's personal responsibility; (2) the prejudice to the
> adversary caused by the failure to meet scheduling orders and respond to
> discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the
> attorney was willful or in bad faith; (5) the effectiveness of sanctions other than
> dismissal, which entails an analysis of alternative sanctions; and (6) the
> meritoriousness of the claim or defense.

747 F.2d 863, 868 (3d Cir. 1984). In the Third Circuit, district courts must consider the *Poulis*

factors because "dismissal with prejudice is, undeniably, a drastic sanction." *Heimbach v. Lehigh*

*Cty. Dep't of Corr.*, Civ. A. No. 13-895, 2014 WL 1327597, at *2 (E.D. Pa. Apr. 3, 2014). When

performing the balancing test required by *Poulis*, "no single *Poulis* factor is dispositive." *Ware v.*

*Rodale Press, Inc.*, 322 F.3d 218, 222 (3d Cir. 2003). Moreover, "not all of the *Poulis* factors need

be satisfied in order to dismiss a complaint." *Mindek v. Rigatti*, 964 F.2d 1369, 1373 (3d Cir. 1992).

The first *Poulis* factor, the extent of the party's personal responsibility, weighs in favor of

dismissal. Pro se plaintiffs are responsible for the progress of their cases and Plaintiffs' failure to

comply with the orders of this Court cannot be blamed on counsel. *See Emerson v. Thiel Coll.*, 296

F.3d 184, 190 (3d Cir. 2002). Plaintiffs have failed to respond to the Court's March 17, 2016 Rule

to Show Cause Order. In fact, this case has not progressed since it was scheduled for arbitration on

October 10, 2013. Although Plaintiffs were represented by counsel at the time, the responsibility for

failing to move this case forward rests with Plaintiffs.

The second *Poulis* factor, the prejudice to the adversary caused by a plaintiff's failure to meet

scheduling orders and respond to discovery, also weighs in favor of dismissal. Defendants answered

Plaintiffs' Amended Complaint and the parties commenced discovery toward the end of November

2012. The litigation then stalled. Today, almost six years have passed since the events in question. Because of this delay, Defendants' ability to prepare a defense is severely compromised. *See Ware*, 322 F.3d at 222 ("[T]he burden imposed by impeding a party's ability to prepare effectively a full and complete trial strategy is sufficiently prejudicial."). Memories fade, witnesses move, and evidence is lost, all of which inhibits the ability of Defendants to make their case.

The third *Poulis* factor considers whether there has been a history of dilatoriness. The Court is sympathetic to Plaintiffs' plight. It is unfortunate that Plaintiffs' counsel was unable to continue with this case due to his failing health. However, even after counsel withdrew, Plaintiffs failed to respond to the Court's order dated March 17, 2016 or secure new counsel by the May 6, 2016 deadline. In addition, Plaintiffs have not communicated with Defense counsel since the entry of the March 17, 2016 Order, and failed to appear in Court on July 19, 2016. These actions, taken as a whole, constitute a history of dilatoriness. This factor weighs slightly in favor of dismissal.

The fourth *Poulis* factor examines whether the conduct of Plaintiffs was willful or in bad faith. There is no evidence in the record of willfulness or bad faith on the part of Plaintiffs or their lawyer. This factor is thus neutral or weighs slightly against dismissal.

The fifth *Poulis* factor is the effectiveness of sanctions other than dismissal. There are likely no alternative sanctions other than dismissal available to the Court. The Court has no indication that Plaintiffs wish to proceed with their claims. While the Court could charge Plaintiffs for the costs incurred by Defendants due to the delay, this would not cure any prejudice to Defendants for failure to move forward with this case. *See Adams v. Trs. of the N.J. Brewery Emps.' Pension Tr. Fund*, 29 F.3d 863, 876 (3d Cir. 1994). Further, as Plaintiffs are proceeding pro se, monetary sanctions may be ineffective. *See Briscoe v. Klaus*, 538 F.3d 252, 263 (3d Cir. 2008) ("Because he was proceeding

4

pro se, he had no attorney upon whom the District Court could impose the expenses for failing to comply with the Court's orders as in *Poulis*."). This factor weighs in favor of dismissal.

The sixth *Poulis* factor considers the meritoriousness of the claim. "Generally, in determining whether a plaintiff's claim is meritorious, we use the standard for a Rule 12(b)(6) motion to dismiss for failure to state a claim." *Id.* Plaintiffs' Amended Complaint alleges violations that, if true, state a claim for relief. Therefore, this factor weighs against dismissal.

After weighing the *Poulis* factors, the Court concludes that four of the six factors weigh in favor of dismissal. Given the length of the delay, the prejudice the delay has caused, and the inability of other sanctions to further this litigation, the Court holds that dismissal is warranted under Rule 41(b).

## B.    Local Rule 7.1(c)

Dismissal is also warranted under Local Rule 7.1(c), which allows the Court to grant Defendants' motion to dismiss as uncontested because Plaintiffs failed to oppose the motion within the time permitted under the rules. As an initial matter, the Court notes that Plaintiffs are proceeding without counsel. Although pro se plaintiffs are entitled to a certain amount of leeway when courts construe their pleadings, pro se litigants are not excused from obeying the rules of civil procedure and court orders. *See Padro v. Heffelfinger*, 110 F.R.D. 333, 335 (E.D. Pa. 1986). Defendants filed their Motion to Dismiss on June 1, 2016. Plaintiffs' response was due on June 20, 2016. To date, Plaintiffs have not responded. Moreover, Plaintiffs failed to appear in Court or respond in any way to the Court's Rule to Show Cause Order. They have provided no indication that they wish to contest Defendants' motion to dismiss. The fact that Plaintiffs are now proceeding pro se does not prevent this Court from treating the motion to dismiss as uncontested. *See Hunt v. U.S. Air Force*, 848 F.

Supp. 1190, 1192 (E.D. Pa. 1994).

**III.      CONCLUSION**

      It is clear that Plaintiffs have abandoned this litigation. Having weighed the *Poulis* factors, the Court concludes that dismissal is warranted. Defendants' motion to dismiss is also granted as uncontested. An Order consistent with this Memorandum will be docketed separately.